J-A18014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM BURNS AND BARBARA BURNS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1347 EDA 2024 |
| SKIN AND LASER SURGERY CENTER OF PA, AND STEVEN S. GREENBAUM | : | |

Appeal from the Judgment Entered April 23, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201001614

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 14, 2025**

Appellants, William and Barbara Burns, appeal from the April 23, 2024 judgment entered in favor of Appellees, Skin and Laser Surgery Center of Pennsylvania and Steven S. Greenbaum, M.D.  We affirm.

In May 2018, Mr. Burns treated with Dr. Robert Allen, M.D., a dermatologist, concerning a skin lesion on his left cheek.  A biopsy was subsequently performed and reported a probable lipoma, a benign tumor made of fatty tissue.  In July 2018, Mr. Burns returned to Dr. Allen, claiming that the skin lesion remained present.  Based upon the foregoing, Dr. Allen referred Mr. Burns to Dr. Greenbaum, a dermatologic surgeon.  In so doing, Dr. Allen's office sent a facsimile (hereinafter, "fax"), with a cover sheet, containing the aforementioned pathology report to Dr. Greenbaum's office.  Of

note, the fax's cover sheet (hereinafter, the "July Fax Cover Sheet") read, in relevant part, as follows:

Attached you will find patients biopsy report.

Patient has a *Fibro - Fatty Tissue, Probably Lipoma (12mm) near site of previous SCC.*

On their *(L)cheek* _____. biopsy proven.

(Circle one)

Mohs procedure is recommended / (Full Excision procedure is recommended.)

Appellees' Motion *in Limine*, 1/18/24, at 5.

On August 3, 2018, Mr. Burns was seen by Dr. Greenbaum for further evaluation of the skin lesion on his left cheek. After his examination, Dr. Greenbaum agreed that the lesion was a benign lipoma and, as such, not cancerous, rendering any excision cosmetic in nature. Based upon Dr. Greenbaum's findings, Mr. Burns opted to forgo surgical excision. In January 2020, however, Mr. Burns learned that the lesion on his left cheek was, in fact, consistent with undifferentiated pleomorphic sarcoma, an aggressive soft tissue cancer. Thereafter, Mr. Burns underwent surgery and radiation therapy, which he subsequently completed.

On October 22, 2020, Appellants initiated the instant medical malpractice action against Appellees. In their complaint, Appellants alleged that the skin lesion on Mr. Burns' left check was cancerous at the time he treated with Dr. Greenbaum in August 2018. As such, Appellants claimed that Dr. Greenbaum acted negligently by failing to perform an excisional biopsy at that time. Appellants further averred that, because of Dr. Greenbaum's

negligence, the cancer was allowed to spread until 2020, thereby causing Mr. Burns to undergo more invasive surgery, radiation treatment, and subsequent disfigurement.

On January 18, 2024, before trial, Appellees filed a motion *in limine* seeking, *inter alia*, to prevent Dr. Allen, the treating dermatologist, from offering standard of care and causation opinions against Dr. Greenbaum, a dermatologic surgeon. In addition, Appellees asked the trial court to prevent Appellants from introducing into evidence the July Fax Cover Sheet. ***See*** Appellees' Motion *in Limine*, 1/18/24, at 6-11. The parties convened for a jury trial on January 29, 2024. Before the commencement of trial proceedings, however, the court denied the parties' outstanding motions *in limine*, including Appellees' motion *in limine* seeking exclusion of Dr. Allen's testimony and the July Fax Cover Sheet. ***See*** N.T. Trial, 1/29/24, at 3. Thereafter, Appellees' counsel sought clarification regarding the trial court's ruling. In particular, counsel stated:

> I would just, if I may, address briefly the one motion, as to Dr. Allen[.]
>
> I would just ask – I think that Your Honor is aware – if you [are] not – [Appellants] subpoenaed Dr. Allen, who [was] the treating dermatologist, to testify live in court tomorrow. And I would – I do [not] need to renew it before he takes the stand, but I [am] alerting Your Honor that I think this may be, depending on the nature of the questions, I assume it [is] without prejudice, to raise any appropriate questions that sound like more pure standard of care opinions, rather than, for example, the notes which were more the focus of the motion.

*Id.* at 4. The trial court responded stating: "We can deal with that testimony as it [is] presented." *Id.* No further objections or clarification requests were lodged at that time.

Ultimately, trial commenced and the parties gave their respective opening statements. Importantly, during Appellants' counsel's opening statement, he specifically referenced the July Fax Cover Sheet. He stated:

> [Dr. Allen] sen[t Dr. Greenbaum] a document, left cheek, 12-millimeter subcutaneous mass in the area of [a] prior cancer. **You will see this form**, full excision procedure recommended, circled. And "excision" means cut it out. And guess what? This document was sent to Dr. Greenbaum with this recommendation, [but] it [is] not in Dr. Greenbaum's [medical] record[s].

*Id.* at 23 (emphasis added). In addition, Appellants' counsel stated further:

> Why was the second visit [with Dr. Greenbaum] on August 3, 2018[] so critical? Because the evidence will show [that] Dr. Greenbaum had all the information he needed to take care of [Mr. Burns'] cancer. Dr. Greenbaum knew [Mr. Burns] had a painful lesion. He knew it appeared suddenly within four months. He knew this painful lipoma was growing in the same spot where he did surgery a few years earlier to remove cancer and he knew that only a punch biopsy was done by the dermatologist. And he knew that the dermatologist was sending this patient to him for recommendation to go deep and cut it out. The evidence will show this.

*Id.* at 27-28.

After opening statements, Appellants called Dr. Greenbaum as their first trial witness. At that time, Appellants' counsel attempted to introduce into evidence the July Fax Cover Sheet. Appellees' counsel objected, stating:

> I do [not] want to waive my objection made in the motion, Your Honor, to this document. … I made an objection in the motion, as far as use of this cover sheet.

*Id.* at 83. The trial court sustained Appellees' counsel's objection. *Id.* Thereafter, Appellants, on multiple occasions, attempted to introduce the July Fax Cover Sheet into evidence. *See* N.T. Trial, 1/30/24, at 27 and 32. Again, Appellees' counsel objected and the trial court sustained counsel's objections. *Id.* at 28 and 33.

Ultimately, on February 6, 2024, the jury returned a verdict in favor of Appellees, finding that Dr. Greenbaum's conduct did not fall below the applicable standard of care. On February 16, 2024, Appellants filed a motion for post-trial relief alleging, *inter alia*, that the trial court "reversed" its decision regarding the admissibility of the July Fax Cover Sheet and, in so doing, prejudiced Appellants. *See* Appellants' Post-Trial Motion, 2/16/24, at 10-11. On April 23, 2024, the trial court denied Appellants' post-trial motion and entered judgment. This timely appeal followed.

Appellants raise the following issue for our consideration.

> Are [Appellants] entitled to a new trial because the trial court ruled that a motion *in limine* excluding certain written materials was denied prior to the start of trial, then reversed its decision and excluded the materials from presentation after [Appellants'] counsel relied upon the pre-trial ruling in referencing the materials during his opening statement?

Appellants' Brief at 3 (unnecessary capitalization omitted).

On appeal, Appellants contend that the trial court erred when it "reversed" its pre-trial ruling denying Appellees' motion *in limine* seeking to

prevent Appellants from introducing the July Fax Cover Sheet into evidence.[1] Appellants' Brief at 15. Appellants contend that, because their counsel referenced the July Fax Cover Sheet in his opening statement in reliance on the trial court's ruling, the trial court's alleged reversal damaged counsel's credibility in the eyes of the jury and, as such, a new trial is warranted.

Before we address Appellants' claim, however, we must first determine whether it is properly preserved for our review. Importantly, our case law is clear that, "unless a party has raised a specific objection and moved for a mistrial at trial, [] any right to a new trial is waived." *Farese v. Robinson*, 222 A.3d 1173, 1184 (Pa. Super. 2019), *citing McMillen v. 84 Lumber, Inc.*, 649 A.2d 932, 934 (Pa. 1994) (holding that the request for a new trial was waived because the appellees failed to make a timely request for the declaration of a mistrial); *see also Kaplan v. O'Kane*, 835 A.2d 735, 741 (Pa. Super. 2003) (same).

Our review of the certified record reveals that Appellants' claim of error is waived because counsel failed to interpose a timely request for the declaration of a mistrial. Herein, before trial commenced, the trial court addressed the parties' outstanding motions *in limine*, including Appellees' motion seeking to prevent Appellants from introducing the July Fax Cover Sheet and Dr. Allen's opinions regarding the standard of care into evidence.

---

[1] Appellants do not challenge the trial court's substantive ruling regarding the admissibility of the July Fax Cover Sheet on appeal. *See* Appellants' Brief at 24 (stating that the "substantive admissibility of the [July F]ax [C]over [S]heet]" is "not an issue presented on appeal.").

At that time, the court indicted that all such motions were denied. *See* N.T. Trial, 1/29/24, at 3. Thereafter, Appellees' counsel specifically inquired whether the trial court's ruling was made "without prejudice" and, as such, whether counsel was permitted to raise subsequent objections during trial. *Id.* at 4. The trial court then stated that the parties could "deal with that testimony as it [was] presented." *Id.* In so doing, the trial court "clearly stated that [it] would take the issue under advisement as a case-by-case issue throughout the trial." Trial Court Opinion, 2/4/25, at *6 (unpaginated). Thereafter, the trial court asked the parties if there were "[a]ny [further] issues," to which Appellants' counsel stated: "No, Your Honor." N.T. Trial, 1/29/24, at 4. Hence, Appellants' counsel neither sought clarification, lodged an objection to the trial court's ruling, nor asked the court to declare a mistrial at the time.

Then, during trial, Appellants sought to admit the July Fax Cover Sheet into evidence on multiple occasions. Each time, Appellees' counsel objected, arguing that the July Fax Cover Sheet constituted inadmissible hearsay. The trial court sustained Appellees' objections. Thereafter, Appellants objected to the trial court's substantive ruling, claiming that the July Fax Cover Sheet "was part of Dr. Allen's medical record" and, as such, admissible as evidence under Pa.R.E. 803(4). *See* N.T. Trial, 1/30/24, at 87-89. Appellants, however, did not challenge the trial court's alleged "reversal" at any point during trial or ask the trial court to declare a mistrial. *Compare Commonwealth v. Metzer*, 634 A.2d 228, 231 (Pa. Super. 1993) (the appellant's counsel lodged

a request for a mistrial after the trial court reversed its earlier ruling excluding the results of the appellant's breathalyzer test). Thus, Appellants' current request for a new trial, predicated solely upon the trial court's alleged "reversal" of its' ruling on Appellees' motion *in limine*, is waived.

Because Appellants waived their sole issue presented on appeal, we affirm the judgment entered in this case.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/14/2025